IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KELLY H. BINGAMAN,            :       No. 4:07-CV-2352
         Plaintiff       :
                             :       Judge John E. Jones III
         v.                 :
                             :
ROBERT E. BINGAMAN, JR, *et al.*,   :
         Defendants    :

## MEMORANDUM

August 5, 2009

This matter is before the Court on the motions of defendants Robert E.

Bingaman, Jr. (Doc. 46) and Officer Thomas Dombroski (Doc. 47) seeking to

dismiss plaintiff Kelly Bingaman's Second Amended Complaint (Doc. 45)

pursuant to Fed. R. Civ. P. 12(b)(6).  For the reasons set forth below, both motions

will be granted and this action will be dismissed.

## I.    STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Rule 12(b)(6), courts "accept

all factual allegations as true, construe the complaint in the light most favorable to

the plaintiff, and determine whether, under any reasonable reading of the

complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*,

515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d

361, 374 n.7 (3d Cir. 2002)).

A Rule 12(b)(6) motion tests the sufficiency of the complaint against the

pleading requirements of Rule 8(a).  Rule 8(a)(2) requires that a complaint contain

a short and plain statement of the claim showing that the pleader is entitled to

relief, "in order to give the defendant fair notice of what the claim is and the

grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S. Ct.

1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "While a

complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed

factual allegations, a plaintiff's obligation to provide the grounds of his entitlement

to relief requires more than labels and conclusions, and a formulaic recitation of

the elements of a cause of action will not do."  *Id.* at 1965.   A plaintiff must make

"a 'showing' rather than a blanket assertion of an entitlement to relief", and

"without some factual allegation in the complaint, a claimant cannot satisfy the

requirement that he or she provide not only 'fair notice,' but also the 'grounds' on

which the claim rests."  *Phillips*, 515 F.3d at 232 (citing *Twombly*, 127 S. Ct. at

1965 n. 3).  "[A] complaint must allege facts suggestive of [the proscribed]

conduct, and the "[f]actual allegations must be enough to raise a right to relief

above the speculative level."  *Twombly*, 127 S. Ct. at 1965, 1969 n.8.  Therefore,

"stating a claim requires a complaint with enough factual matter (taken as true) to

suggest the required element." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 127 S.

Ct. at 1965 n. 3).

On the other hand, "a complaint may not be dismissed merely because it

appears unlikely that the plaintiff can prove those facts or will ultimately prevail on

the merits." *Id.* at 231 (citing *Twombly*, 127 S. Ct. 1964-65, 1969 n.8). Rule 8

"does not impose a probability requirement at the pleading stage, but instead

simply calls for enough facts to raise a reasonable expectation that discovery will

reveal evidence of the necessary element." *Id.* at 234.

## II.    BACKGROUND

Because the Court writes solely for the parties who are familiar with the

procedural and factual history of this case, we set forth only the background

relevant to the disposition of the present motions.

Plaintiff Kelly Bingaman's First Amended Complaint (Doc. 11) asserted

Fourth Amendment claims of false arrest and malicious prosecution and violation

of equal protection against Officer Dombroski and Robert Bingaman arising from

her arrest and prosecution for simple assault and harassment on January 27, 2006,

and, possibly, state law claims of intentional and/or negligent infliction of

emotional distress. By memorandum and order of October 14, 2008 (Doc. 44), the

Court granted Officer Dombroski's and Robert Bingaman's motions to dismiss

these claims. The Court held that Kelly Bingaman's false arrest claim was barred because her arrest was supported by probable cause as demonstrated by her subsequent conviction for harassment. The Court further held that her malicious prosecution claim failed because her arrest for simple assault was also supported by probable cause and because she did not allege that the underlying criminal proceedings terminated in her favor. The Court also dismissed her equal protection claim because she had not alleged that she was treated differently than similarly situated persons. The Court also dismissed all claims against Robert Bingaman because the amended complaint did not allege concerted action between him and any state actor. Finally, having dismissed all of Kelly Bingaman's federal claims, the Court declined to exercise supplemental jurisdiction over her potentially asserted state law claims. Although expressing skepticism over the liability of her claims, the Court granted Kelly Bingaman the opportunity to file a second amended complaint.

In her Second Amended Complaint (Doc. 45) Kelly Bingaman again recites the same allegations regarding her January 27, 2006 arrest which appeared in her first two complains in this action. She alleges that, on that date, her ex-husband Robert Bingaman "initiated an assault upon her person in a parking lot and physically beat her" and that he "physically restrained [her] and refused to let her

4

enter her car." (*Id.* at ¶ 7.) Kelly Bingaman further alleges that Officer Dombroski

later came to the scene and charged her with simple assault and harassment. (*Id.* at

¶ 8.) The simple assault charge was later withdrawn by prosecutors, but Kelly

Bingaman was found guilty of harassment after a bench trial in the Cumberland

County Court of Common Pleas. (*Id.*)

New to the Second Amended Complaint are allegations regarding another

arrest in January 2007. Kelly Bingaman alleges that during that month, while the

charges arising out of the January 27, 2006 incident were pending, Officer

Dombroski filed additional unspecified misdemeanor and summary charges against

her with Robert Bingaman as the complaining witness. (*Id.* at ¶ 11.) She asserts

that the misdemeanor charges were withdrawn and that she went to trial on

summary charges of harassment by communication and was found not guilty.

(*Id.* at ¶¶ 12-14.) Kelly Bingaman alleges that these circumstances "indicate a

pattern of persecution by the two defendants in violation of her substantive due

process rights to be free of arbitrary and capricious government actions lacking any

reasonable or proper government goal." (*Id.* at ¶ 15.) She also asserts a malicious

prosecution claim arising out of the charges (*id.* at ¶ 16) and that the second set of

charges violated her First Amendment rights in that they "were brought to harass,

intimidate, and deter her from seeking a redress of grievances" (*id.* at ¶ 17).

Finally, the Second Amendment Complaint contains numerous allegations regarding the Bingaman's domestic relations proceedings and state criminal charges purportedly pending against Robert Bingaman which appear to have no relevance to Kelly Bingaman's claims in this action. (*See id.* at ¶¶ 18-21.)

## III.  DISCUSSION

As was the case with the plaintiff's prior two complaints, the haphazard and disjointed nature of Kelly Bingaman's Second Amended Complaint makes it difficult to determine precisely what claims she is asserting against which defendants and the basis for those claims.  After three complaints, all of which were drafted in this fashion, it is apparent that this style of pleading is an intentional litigation tactic on the part of plaintiff's counsel.  Such confusing and catchall allegations are no substitute for properly pled claims, even under our liberal notice pleading standard.  While "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the plaintiff's complaint in this case, drafted by an experienced attorney, is not entitled to such a liberal construction.  Addressed below are only those claims which the Court can find actually articulated in the Second Amended Complaint and supported with some

attempted showing of entitlement to relief.  The Court will not endeavor to guess at what other claims plaintiff's counsel might have asserted.

### A.      Malicious Prosecution Claim

Kelly Bingaman first asserts a malicious prosecution claim arising out of her the charges brought against here in January 2007.  Kelly Bingaman was charged in the Cumberland County Court of Common Pleas with three counts of harassment under 18 Pa. C.S.A. § 2709, which provides in relevant part:

A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person:

(1)    strikes, shoves, kicks or otherwise subjects the other person to physical contact, or attempts or threatens to do the same;

(2)    follows the other person in or about a public place or places;

(3)    engages in a course of conduct or repeatedly commits acts which serve no legitimate purpose;

(4)    communicates to or about such other person any lewd, lascivious, threatening or obscene words, language, drawings or caricatures;

(5)    communicates repeatedly in an anonymous manner;

(6)    communicates repeatedly at extremely inconvenient hours; or

(7)    communicates repeatedly in a manner other than specified in paragraphs (4), (5) and (6).

18 Pa. C.S.A. § 2709(a).  (*See* Doc. 50 at 37.)[1]  Kelly Bingaman was charged with

third-degree misdemeanor offenses under paragraphs (4) and (6) and a summary

offense under paragraph (3).  *See* 18 Pa. C.S.A. § 2709(c).  The misdemeanor

charges were dismissed before trial, and after a non-jury trial, Kelly Bingaman was

found not guilty on the summary charge.

To prove malicious prosecution, a plaintiff must show that:  "(1) the

defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his

favor; (3) the defendant initiated the proceeding without probable cause; (4) the

defendant acted maliciously or for a purpose other than bringing the plaintiff to

justice; and (5) the plaintiff suffered deprivation of liberty consistent with the

concept of seizure as a consequence of a legal proceeding."  *Johnson v. Knorr*, 477

F.3d 75, 81-82 (3d Cir. 2007) (citing *Estate of Smith v. Marasco*, 318 F.3d 497,

521 (3d Cir. 2003)).

---

[1] The Court takes judicial notice of the docket of the Court of Common Pleas, which is publicly available at http://ujsportal.pacourts.us/DocketSheets/CPReport.aspx?matterID= 200569749.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006) ("In evaluating a motion to dismiss, we may consider documents that are attached to or submitted with the complaint and any matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, and items appearing in the record of the case."); *Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) ("To resolve a 12(b)(6) motion, a court may properly look at public records, including judicial proceedings, in addition to the allegations in the complaint.").

The defendants argue that Kelly Bingaman cannot establish the required

element of a lack of probable cause because the harassment charges against her

were held over for trial by a magisterial district judge.[2] The decision of a neutral

district justice to hold a defendant for trial constitutes 'weighty evidence" of

probable cause. *McGowan v. Borough of Ambridge*, C.A. No. 06-CV-858, 2008

WL 4200153, at *8 (W.D. Pa. Sept. 5, 2008) (citing *Tarlecki v. Mercy Fitzgerald

Hosp.*, C.A. No. 01-CV-1347, 2002 WL 1565568, at *3 (E.D. Pa. July 15, 2002).

However, "the mere fact that [Kelly Bingaman] was held over for trial following a

preliminary hearing does not ... shield a defendant from suit." *Jones v. Middletown

Twp.*, 253 Fed. Appx. 184, 190 (3d Cir. 2007). While such evidence, if

undisputed, would likely entitle the defendants to summary judgment, it does not

conclusively establish that the plaintiff is not entitled to relief. *See Allen v.

Pennsylvania Soc. for Prevention of Cruelty to Animals*, 488 F. Supp. 2d 450, 471

(M.D. Pa. 2007) (discussing the difference between motion to dismiss and

summary judgment standards in evaluating the existence of probable cause).

Kelly Bingaman's malicious prosecution claim must be dismissed, however,

because she has not alleged "a deprivation of liberty consistent with the concept of

---

[2] The Court takes judicial notice of the docket of the Magisterial District Judge, which is publicly available at http://ujsportal.pacourts.us/DocketSheets/MDJReport.aspx?district= MDJ-09-3-05&docketNumber=CR-0000386-06.

seizure as a consequence of a legal proceeding."  *Knorr*, 477 F.3d at 82.

"[P]rosecution without probable cause is not, in and of itself, a constitutional tort."

*DiBella v. Borough of Beachwood*, 407 F.3d 599, 602-03 (3d Cir. 2005) (quoting

*Gallo v. City of Philadelphia*, 161 F.3d 217, 222 (3rd Cir. 1998))  Rather, a Fourth

Amendment malicious prosecution claim is intended to redress "the deprivation of

liberty accompanying prosecution, not prosecution itself."  *Id.* at 603.  In this case,

Kelly Bingaman was released on her own recognizance without bail and has not

alleged that she suffered any "[p]retrial custody" or "onerous ... pretrial, non-

custodial restrictions."  *Id.*  Her required attendance at pretrial proceedings and her

eventual bench trial is not sufficient to establish the type of deprivation required to

state a constitutional malicious prosecution claim.  *See, e.g.*, *Laufgas v. Patterson*,

206 Fed. Appx. 196, 198 (3d Cir. 2006) (holding that the plaintiff's required

attendance at various hearings and ultimate bench trial "fails to fit the bill" for a

malicious prosecution claim).  That Kelly Bingaman has not, and cannot, assert any

such restrictions is fatal to her malicious prosecution claim.  *See, e,g.*, *Wiltz v.*

*Middlesex County Ofc. of Prosecutor*, 249 Fed. Appx. 944, 949 (3d Cir. 2007)

("While [plaintiff's] complaint does allege that she was arrested, it does not allege

that she was incarcerated, required to post bond, maintain contact with Pretrial

Services, refrain from traveling, or that she endured any other post-indictment

deprivation of liberty as a result of the legal proceedings. The District Court was

correct in holding that absent such allegations, the complaint failed to state a claim

for malicious prosecution."). Plaintiff argues that "*De Bella* [sic] is not

consideration [sic] with either common sense or *Knorr*." (Doc. 54 at 9.) However,

the *Knorr* court, in fact, cited approvingly to *DiBella* in explaining the contours of

a Fourth Amendment malicious prosecution claim, *Knorr*, 477 F.3d at 85 n.14, and

whatever plaintiff's counsel's opinion of Third Circuit precedent, this Court is

bound to apply it. Plaintiff's malicious prosecution claim will be dismissed.

## B.  Substantive Due Process Claim

As noted above, Kelly Bingaman asserts that Officer Dombroski's twice

bringing charges against her violated her "substantive due process rights to be free

of arbitrary and capricious government actions lacking any reasonable or proper

government goal." (2d Amend. Compl. ¶ 15.) This substantive due process claim

fails because it is entirely indistinct from the plaintiff's malicious prosecution

claim. A malicious prosecution claim may not be based on substantive due

process. *See Albright v. Oliver*, 510 U.S. 266, 272 (1994); *Torres v. McLaughlin*,

163 F.3d 169, 173 (3d Cir. 1998). Moreover, "[w]here a particular Amendment

provides an explicit textual source of constitutional protection against a particular

sort of government behavior, that Amendment, not the more generalized notion of

substantive due process, must be the guide for analyzing these claims." *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998) (quoting *Albright*, 510 U.S. at 273). Here, Kelly Bingaman has asserted no basis for her substantive due process claim separate from her Fourth Amendment malicious prosecution claim, and she must proceed only under the latter claim.

## C.    Retaliatory Prosecution Claim[3]

Kelly Bingaman further asserts that the January 2007 charges "were brought to harass, intimidate, and deter her from seeking a redress of grievances." (2d Amend. Compl. ¶ 17). Only in her briefs opposing the defendants' motions to dismiss, does Kelly Bingaman endeavor to explain that this fleeting reference was meant to allege that the January 2007 charges were brought because she refused to plead to the charges arising out of the January 2006 incident.[4]

---

[3] The parties address this claim as it is styled in the Second Amended Complaint: a First Amendment retaliation claim. However, the plaintiff does not assert that charges were brought against because of any protected speech she made or lawsuit she filed, *see Thomas*, 463 F.3d at 296, or because of her prior complaints made about law enforcement officers, *see Marasco*, 318 F.3d at 506. Rather, she alleges that charges were brought because she exercised her Sixth Amendment right to trial on prior charges. However, we apply essentially the same analysis to the claim. *See Flowers v. City of Minneapolis*, 558 F.3d 794, 800 (8th Cir. 2009).

[4] As with her last complaint (see Doc. 44 at 14), the plaintiff is again impermissibly attempting to amend her pleadings through her briefs. *See Pennsylvania ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir.), cert. denied, 470 U.S. 1054 (1984)).

In order to establish a retaliatory prosecution claim, a plaintiff must plead "(1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action," *Thomas v. Independence Twp.*, 463 F.3d 285, 296 (3d Cir. 2006) (citing *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)), as well as the absence of probable cause supporting the prosecution, *Hartman v. Moore*, 547 U.S. 250, 265-66 (2006). Generously construing the complaint as clarified by her briefs, the Court finds that the first two prongs of a retaliation claim are met by Kelly Bingaman's allegation that Officer Dombroski instituted the January 2007 charges because she went to trial on the charges arising out of the January 2006 incident. The plaintiff's allegation that the second set of charges were "false and baseless" also suffices to plead the absence of probable cause. However, the Second Amended Complaint does not contain any showing of a sufficient causal link between Kelly Bingaman's constitutionally protected conduct and the purportedly retaliatory action.

"To establish the requisite causal connection a plaintiff usually must prove either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled

with timing to establish a causal link." *Lauren W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007) (citations omitted). In the absence of such proof, the plaintiff must show that the trier of fact should infer causation from the evidence in the record as a whole, such as inconsistencies in a defendant's explanations of his actions or an usually strong pattern of antagonism. *Id.*; *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 281 (3d Cir. 2000). The Third Circuit has instructed district courts to strictly enforce these causation requirements in terms so strong they bear repeating in full:

> A court must be diligent in enforcing these causation requirements because otherwise a public actor cognizant of the possibility that litigation might be filed against him, particularly in his individual capacity, could be chilled from taking action that he deemed appropriate and, in fact, was appropriate. Consequently, a putative plaintiff by engaging in protected activity might be able to insulate himself from actions adverse to him that a public actor should take. The point we make is not theoretical as we do not doubt that public actors are well aware that persons disappointed with official decisions and actions frequently bring litigation against the actors responsible for the decisions or actions in their individual capacities, and the actors surely would want to avoid such unpleasant events. Thus, it would be natural for a public actor to attempt to head off a putative plaintiff with the unwarranted expenditure of public funds. Courts by their decisions should not encourage such activity and, by enforcing the requirement that a plaintiff show causation in a retaliation case, can avoid doing so as they will protect the public actor from unjustified litigation for his appropriate conduct. In this regard we recognize that often public actors such as those in this case must make a large number of decisions in charged atmospheres thereby inviting litigation against themselves in which plaintiffs ask the courts to second guess the actors' decisions.

*Lauren W.*, 480 F.3d at 267-68. This mandate is particularly apt when considering

a retaliation claim against a police officer, in light of the fact that "officers should

not by reason of potential civil liability be discouraged from intervening when their

services are needed by the not surprising circumstance that a claim has been lodged

against a person with whom they have had previous adverse dealings. Society may

pay a high price if officers do not take action when they should do so." *Marasco*,

318 F.3d at 513.

Here, Kelly Bingaman was first arrested and charged in January 2006,

arrested and charged again in January 2007, and proceeded to trial on the initial

charges in July 2007. The gaps of several months between these events belie any

claim of an unusually suggestive temporal proximity. *See Conklin v. Warrington

Twp.*, C.A. No. 1:06-CV-2245, 2009 WL 1227950, at *3 (M.D. Pa. Apr. 30, 2009)

(noting that precedent "suggests that the temporal proximity must be measured in

days, rather than in weeks or months, to suggest causation without corroborative

evidence"). The Second Amended Complaint contains the contention that Kelly

Bingaman's two arrests constitute a "pattern of persecution," but this bare

conclusory assertion is supported by no factual showing other than the mere

occurrence of one arrest after the other. This *post hoc ergo propter hoc* allegation

is insufficient to plead a pattern of antagonism or the inference of retaliation. It is

insufficient, as the plaintiff here has done, to allege mere elements of a cause of action; "instead "a complaint must allege facts suggestive of [the proscribed] conduct."" *Phillips*, 515 F.3d at 233 (quoting *Twombly*,127 S. Ct. at 1969). The factual allegations of the Second Amended Complaint do not suggest retaliation, and, in fact, no such retaliation could be inferred from the plaintiff's first arrest based on probable cause, her second arrest based on what a neutral magistrate found to be probable cause, and her conviction on the initial charges beyond a reasonable doubt. This case presents precisely the circumstances that require the diligent enforcement of the causation requirements for a retaliation claim. Because those requirements cannot be met on the facts alleged here, the plaintiff's retaliatory prosecution claim will be dismissed.

**D.    State Action**

As was the case with her prior complaints, Kelly Bingaman's § 1983 claims asserted against Robert Bingaman in the Second Amended Complaint must also be dismissed because he is not a state actor. As the Court noted in previously dismissing the claims against Robert Bingaman, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Harvey v. Plains Twp. Police Dep't*, 421

16

F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).  To

be considered "acting under color of state law," a § 1983 defendant must have

exercised power "possessed by virtue of state law and made possible only because

the wrongdoer is clothed with the authority of state law."  *West*, 487 U.S. at 49.

The Second Amended Complaint contains no grounds upon which Robert

Bingaman, a private individual, could be deemed a state actor.  As she did in the

face of prior motions to dismiss (*see* Doc. 44 at 14-17), Kelly Bingaman asserts

that Robert Bingaman and Officer Dombroski "conspired" together to violate her

constitutional rights.  This contention is based solely on the fact that Robert

Bingaman was the complaining witness for her arrests.  However, merely

complaining to the police does not convert a private party into a state actor for

purposes of liability under § 1983.  *See Bailey v. Harleysville Nat'l Bank & Trust*,

188 Fed. Appx. 66, 68 (3d Cir. 2006); *Cruz v. Donnelly*, 727 F.2d 79, 82 (3d Cir.

1989); *Cooper v. Muldoon*, C.A. No. 05-CV-4780, 2006 WL 1117870, at *2 (E.D.

Pa. Apr. 26, 2006) (collecting cases).  The Second Amended Complaint contains

no allegations of Robert Bingaman's willful participation in joint action with a

state actor,  *Abbott v. Latshaw*, 164 F.3d 141, 147-48 (3d Cir. 1998), or the

"[s]ignificant concerted action", *Jackman v. McMillan*, 232 Fed. Appx. 137, 139

n.6 (3d Cir. 2007), necessary to hold a private party liable pursuant to § 1983 under

a conspiracy theory. All claims against Robert Bingaman will therefore be dismissed.

### E. Qualified Immunity

Officer Dombroski argues that he is entitled to qualified immunity as to Kelly Bingaman's constitutional claims. While the Supreme Court has recently departed from the strict sequential analysis of qualified immunity, *Pearson v. Callahan*, 129 S. Ct. 808, 818 (2009), because the Court finds no claim of a constitutional violation stated in the Second Amended Complaint, we will not proceed with a qualified immunity analysis.

### F. State Law Claims

The defendants protectively read the plaintiff's ambiguous complaint as asserting state law claims for civil conspiracy, abuse of process, intentional infliction of emotional distress, and negligent infliction of emotional distress. The Court does not construe the Second Amended Complaint as containing any such claims. However, to the extent that such state law claims may be gleaned from the complaint, the Court declines to exercise supplemental jurisdiction over these state-law claims pursuant to 28 U.S.C. § 1367(c)(3). *See Combs v. Homer-Ctr. Sch. Dist.*, 540 F.3d 231, 254-55 (3d Cir. 2008).

## IV. CONCLUSION

For the foregoing reasons, Kelly Bingaman's Second Amended Complaint will be dismissed. The plaintiff has made three attempts at stating a claim, each of which has failed. Further amendment would be both futile and inequitable to the defendants who have already expended significant resources defending this action. Dismissal will therefore be with prejudice. *See Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). An appropriate order will be entered.